EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Zoraida Cruz Castro, et als.<br>        Demandantes-Peticionarios<br><br>              v.<br><br>Juan Luis Ortiz Montalvo, et als.<br>        Demandados-Recurridos | Certiorari<br><br>2001 TSPR 59 |

Número del Caso: CC-2000-178

Fecha: 27/abril/2001

Tribunal de Circuito de Apelaciones:
                              Circuito Regional III

Juez Ponente:
                              Hon. Efraín E. Rivera Pérez

Abogado de la parte peticionaria:
                              Lcdo. José Martínez Custodio

Abogada del Municipio de Utuado:
                              Lcda. Larissa Torres del Campillo

Oficina del Procurador General:
                              Lcda. Leticia Casalduc Rabell
                              Procuradora General Auxiliar

Materia: Discrimen Político y Despido Injustificado

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE  PUERTO RICO

Zoraida Cruz Castro, Et Als.

    Demandantes-Peticionarios

        vs.               CC-2000-178       Certiorari

Juan Luis Ortiz Montalvo,
Et Als.

    Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 27 de abril de 2001.

Nos toca decidir si procede desestimarse un recurso de apelación cuando la parte peticionaria no incluyó en el apéndice de dicho recurso unos exhibits que acompañaban la demanda del caso.

I

En 1993 los peticionarios, Zoraida Cruz Castro y dieciséis (16) personas más, instaron una demanda sobre despido por discrimen político. Alegaron la violación de sus derechos civiles; y reclamaron los correspondientes daños y perjuicios contra la parte recurrida, el Municipio de Utuado, su alcalde Juan L. Ortiz Montalvo, en su carácter oficial y personal, y otros. Los peticionarios eran

empleados del Programa Head Start, un programa subsidiado con fondos federales y administrado por el Municipio.

En la contestación de la demanda referida, el Municipio alegó como defensa afirmativa que los nombramientos de los demandantes eran nulos por haber sido hechos durante el período de veda electoral.

Luego de varios trámites procesales, incluyendo la celebración de una vista evidenciaria, el Tribunal de Primera Instancia declaró con lugar una moción de desestimación presentada por el Municipio, y dictó la sentencia correspondiente. El tribunal de instancia desestimó la demanda en cuestión al concluir que los nombramientos de los demandantes eran nulos por no haber mediado una dispensa para ellos de la Oficina Central de Administración de Personal (OCAP) durante la veda electoral. Sin embargo, surge de la propia sentencia emitida por el foro de instancia que los demandantes presentaron ante dicho foro una carta de OCAP mediante la cual se certificaba que dicha entidad sí había provisto la dispensa correspondiente para los nombramientos en cuestión. No obstante, el tribunal entendió que la presentación de la carta fue tardía, debido a que se sometió luego de la presentación de la prueba en la vista evidenciaria, por lo que el tribunal decidió no tomar la aludida carta de OCAP en consideración.

Con respecto a esta decisión, los demandantes presentaron una moción solicitando determinaciones de hecho y conclusiones de derecho adicionales. Luego que ésta fuera denegada, acudieron oportunamente mediante un recurso de apelación, ante el Tribunal de Circuito de Apelaciones. Después de que ambas partes

presentaran sus respectivos alegatos y sometieran la exposición narrativa de la prueba, el foro apelativo, mediante una sentencia emitida el 28 de diciembre de 1999, desestimó el recurso de apelación por falta de jurisdicción. Resolvió dicho foro que los peticionarios no habían acompañado en el apéndice del recurso de apelación las diecisiete (17) cartas cesanteando a los peticionarios que se presentaron en el foro de instancia como exhibits que acompañaban la demanda en cuestión.

Inconforme con el dictamen del foro apelativo, los peticionarios acudieron oportunamente[1] ante nos y plantearon lo siguiente:

> Erró el Tribunal de Circuito de Apelaciones al desestimar el recurso de apelación al resolver que la parte no perfeccionó la apelación por no incluir diecisiete (17) exhibits que se hicieron formar parte de la demanda en cuestión. La determinación del Tribunal de Circuito de Apelaciones es contraria a derecho y la misma es una decisión arbitraria y caprichosa.

El 30 de marzo de 2000, le dimos término a la parte recurrida para mostrar causa, si alguna tuviere, por la cual no se debía revocar la sentencia del foro apelativo del 28 de diciembre de 1999.

Luego de solicitar y obtener una prórroga, la parte recurrida compareció el 18 y el 23 de mayo de 2000. Con el beneficio de su comparecencia, pasamos a resolver según lo intimado.

II

En síntesis, los peticionarios plantean que los exhibits de la demanda que no fueron acompañados al apéndice del recurso de apelación no son documentos esenciales ni se requieren para perfeccionarlo. Aducen que dichos documentos son las cartas de despido de los diecisiete (17) demandantes, las cuales no

---

[1] Contando a partir de la fecha de archivo en autos de la copia de la notificación de la resolución emitida el 28 de enero de 2000, el último día para presentar el recurso ante nos correspondía al lunes 28 de febrero de 2000. Sin embargo, los peticionarios acompañan en su apéndice del recurso copia del sobre con matasellos del 31 de enero de 2000. En vista de ello, a partir

están de modo alguno en controversia y no aportan nada para resolver lo planteado en el recurso de apelación.

Para resolver la cuestión ante nos, debemos tener muy en cuenta que uno de los propósitos primordiales de la Ley de la Judicatura de 1994 fue el de proveer la oportunidad para que toda decisión tomada por un solo juez, en casos originados en el Tribunal de Primera Instancia, pudiera ser revisada por un tribunal colegiado **como cuestión de derecho**. El recurso de apelación es el medio a través del cual se logra a cabalidad la consecución de este fin. A diferencia de los recursos de naturaleza discrecional, como el certiorari o la revisión, una vez cumplidos los requisitos que confieren jurisdicción al tribunal apelativo y los demás que permiten su adecuada dilucidación, la apelación impone a ese foro la obligación de atender y resolver en los méritos, de forma fundamentada, las cuestiones planteadas en dicho recurso. Soc. de Gananciales v. García Robles, res. el 23 de enero de 1997, 142 D.P.R. ___, 97 JTS 7.

Por otro lado, es menester considerar también que la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53.1, y la Regla 13(A) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A R. 13(A), disponen que para formalizarse la apelación ha de incluirse en el recurso correspondiente un apéndice que contendrá una copia literal de las alegaciones de las partes más otros documentos que formen parte del expediente original que hicieron posible la solución del caso. Sobre este particular, hemos resuelto antes que un recurso que carece de un apéndice con los documentos necesarios para poner al tribunal en posición de resolver, impide su consideración en los méritos. Maldonado v. Pichardo, 104 D.P.R. 778 (1976). Como el término para la presentación del recurso de apelación es jurisdiccional, el apéndice del recurso debe presentarse de manera completa y correcta dentro del mismo término. De otra forma, el recurso no se habrá perfeccionado y el tribunal se encontrará sin jurisdicción para entrar en los méritos. Mfrs. H. Leasing v. Caribbean Tubular Corp., 115 D.P.R. 428 (1984). Es decir, que el recurso no se considera perfeccionado hasta que se incluye todo su apéndice.

---

de esta fecha, el término para acudir ante nos vencía el 1 de marzo

En el presente caso, como los documentos en cuestión eran exhibits que acompañaban la demanda, el foro apelativo entendió que su omisión en el apéndice significaba que no se había incluido en éste la totalidad de la demanda y que, por lo tanto, no se había perfeccionado el recurso dentro del término jurisdiccional para ello.

Erró el foro apelativo al resolver como lo hizo. Fue muy drástica la desestimación del recurso de apelación sólo por la omisión referida. De una lectura de la demanda surge que las cartas notificando la cesantía de los peticionarios estaban todas esencialmente relatadas en la propia demanda. Acompañarlas como exhibits de la demanda no añadía nada a ésta, por lo que no eran de ningún modo necesarias a la demanda. Incluirlas como exhibits fue un acto realmente superfluo, que en el mejor de los casos sólo servía para duplicar la alegación sobre el hecho de la cesantía, que ya estaba detallado en la propia demanda. Sobre este particular, debe recordarse que ya antes hemos resuelto que un emplazamiento es eficaz aunque no se hayan incluido, con la copia de la demanda, las copias de sus correspondientes anejos (exhibits). Bco. Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760 (1994). Es claro, pues, que los exhibits de ordinario no forman parte esencial de la demanda. En este caso, no eran ni siquiera un elemento necesario de ésta.

Más aun, no existía controversia alguna en el caso de autos sobre el hecho de que los peticionarios en efecto habían sido cesanteados del Programa Head Start. Por ello, las cartas aludidas nada tienen que ver con los asuntos planteados por los peticionarios, que ciertamente podían atenderse sin requerir para nada el examen de las cartas en sí.

Los peticionarios han alegado que la razón dada para su cesantía, que fueron nombrados sin autorización durante el período de veda electoral, es falsa y encubre la razón real de discrimen político que motivó su cesantía. Acudieron al foro apelativo específicamente para cuestionar la determinación del foro de instancia de **no considerar** una comunicación de OCAP que proveía una **dispensa** al Programa Head Start para emplear a estos peticionarios durante el período de veda, porque supuestamente dicha comunicación se presentó tardíamente ante el foro de instancia. Los peticionarios alegaron que no

---

de 2000, por lo que los peticionarios acudieron en tiempo.

presentaron la comunicación de OCAP antes porque OCAP no les había remitido dicha comunicación hasta entonces.

Como puede observarse, pues, el foro apelativo tenía ante sí una importante controversia relativa a si el foro de instancia resolvió conforme a la prueba ofrecida por los peticionarios. De esa controversia dependía medularmente la alegación de éstos de que sus derechos constitucionales habían sido violados al cesanteárseles por razón de discrimen político. No podía el foro apelativo negarles a los peticionarios su derecho de apelación en un caso que involucra prerrogativas tan fundamentales, amparándose para ello en una omisión tan insignificante en el apéndice del recurso.

### III

Por los fundamentos expuestos, se dictará sentencia para expedir el recurso solicitado y para revocar la sentencia del foro apelativo. Se devolverá el caso a ese foro para que continúen allí los procedimientos conforme a lo resuelto aquí.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE  PUERTO RICO

Zoraida Cruz Castro, Et Als.

    Demandantes-Peticionarios

        vs.              CC-2000-178       Certiorari

Juan Luis Ortiz Montalvo,
Et Als.

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 27 de abril de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se dicta sentencia para expedir el recurso solicitado y se revoca la sentencia del Tribunal de Circuito de Apelaciones, Circuito Regional III, Arecibo-Utuado.

Se devuelve el caso a ese foro para que continúen allí los procedimientos conforme a lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río concurre sin opinión. El Juez Asociado señor Rivera Pérez está inhibido.

                Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo