PEDRO LÓPEZ BONELLI, recurrido, *v.* CARLOS PÉREZ CRUZ, peticionario.

*Número:* CC-2015-1043    *Resuelto:* 16 de mayo de 2017

*Marcelle D. Martell-Jovet*, de *Law Offices of Marcelle D. Martell-Jovet, P.S.C.*, abogado de la parte peticionaria; *Yamil Vega Pacheco*, de *Yamil Vega Pacheco Law Offices, P.S.C.*, abogado de la parte recurrida.

## SENTENCIA

*Se revoca el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, se remite el caso a ese foro para que atienda en los méritos el recurso de revisión judicial presentado por el Sr. Carlos Pérez Cruz.*

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado Señor Estrella Martínez emitió una Opinión de conformidad, a la cual se unió la Jueza Presidenta Oronoz Rodríguez. La Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Colón Pérez disintieron sin opiniones escritas. El Juez Asociado Señor Kolthoff Caraballo no intervino. El Juez Asociado Señor Feliberti Cintrón no interviene.

*(Fdo.)* Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

## — O —

Opinión de conformidad emitida por el Juez Asociado Señor Estrella Martínez, a la cual se une la Jueza Presidenta Oronoz Rodríguez.

Hoy nos enfrentamos a la siguiente interrogante: ¿es fijo el término dispuesto en la Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones o el Tribunal de Apelaciones tiene discreción para acortarlo? Específicamente, nos corresponde dilucidar si el Tribunal de Apelaciones actuó correctamente al desestimar un recurso de revisión judicial de una decisión administrativa, por entender que éste no se perfeccionó por falta de apéndice. Ello a pesar de que se solicitó y autorizó la presentación tardía del apéndice al amparo de la Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones.

Veamos los antecedentes fácticos que suscitaron la controversia ante nos.

## I

El 3 de agosto de 2015, el Departamento de Asuntos del Consumidor (DACo) emitió una Resolución en la cual ordenó al corredor de bienes raíces, el Sr. Carlos Pérez Cruz, que devolviera al Lcdo. Pedro López Bonelli $30,000. Esto, luego de determinar que el señor Pérez Cruz retuvo un depósito de dinero en alegada contravención a la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico, Ley Núm. 10-1994 (20 LPRA sec. 3025 *et seq.*).

Inconforme con tal determinación, y después de agotar los remedios ante el foro administrativo, el 3 de septiembre de 2015 el señor Pérez Cruz presentó un recurso de revisión judicial al Tribunal de Apelaciones impugnando el dictamen de DACo. Coetáneamente, sometió una moción al amparo de la Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, solicitando la autorización para presentar el Apéndice de su recurso posteriormente. El Tribunal de Apelaciones accedió a lo solicitado mediante una Resolución emitida el 14 de septiembre de 2015 y notificada por correo regular el día siguiente. No obstante, le concedió hasta el 17 del mismo mes para presentar los documentos, es decir, un término de tan solo dos días desde su notificación por correo.

Posteriormente, el 24 de septiembre de 2015, el licenciado López Bonelli compareció al Tribunal de Apelaciones solicitando la desestimación del recurso. Sostuvo que se privó al foro apelativo intermedio de jurisdicción para adjudicar los méritos del recurso presentado, ya que el recurso no estaba perfeccionado debido a que el señor Pérez Cruz, a ese momento, no había sometido el Apéndice conforme con lo ordenado.

Por su parte, el 30 de septiembre de 2015, el señor Pérez Cruz presentó el Apéndice del recurso. A su vez, se opuso a la desestimación solicitada. En esta comparecencia justificó su tardanza expresando que no recibió a tiempo la notificación de la autorización emitida el 14 de septiembre de 2015. Arguyó, además, que el reglamento del foro apelativo intermedio le concede un término de quince días para entregar los documentos, por lo que ese foro no puede acortar el periodo establecido en la Regla 59(E)(2), *supra.* De esta forma, el señor Pérez Cruz planteó que, toda vez que la notificación se cursó el 15 de septiembre de 2015, el término reglamentario aún no había expirado al 30 de septiembre, fecha cuando compareció con los documentos. Sin embargo, el mismo 30 de septiembre, el Tribunal de Apelaciones emitió una sentencia desestimatoria resolviendo que, "ante la falta de diligencia, incumplimiento y desatención, [se veía] precisado a desestimar el recurso por falta de perfeccionamiento y, por ende, por falta de jurisdicción [...]".([1]) A pesar de que el señor Pérez Cruz acudió a tiempo mediante una solicitud de reconsideración, el Tribunal de Apelaciones la denegó.

Oportunamente, el señor Pérez Cruz recurre ante nos y reproduce los argumentos esbozados ante el foro apelativo intermedio. A tales fines, señala que el Tribunal de Apelaciones erró al desestimar su recurso "por asuntos procesales en torno a la radicación del apéndice, ignorando así las disposiciones expresas de la Regla 59(E)(2) [...]".([2])

## II

Este Tribunal ha enfatizado reiteradamente que todo litigante debe observar con rigor las disposiciones reglamentarias establecidas para la forma y presentación de los

---

([1]) Véase Sentencia del Tribunal de Apelaciones de 30 de septiembre de 2015, pág. 4.

([2]) Véase Petición de *certiorari*, pág. 4.

escritos en los procedimientos apelativos. Véanse, por ejemplo: *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98 (2013); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Arriaga v. F.S.E.*, 145 DPR 122 (1998); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642 (1987). El propósito de esta norma no se limita a vindicar la autoridad de los tribunales, sino que se dirige a propiciar que el Poder Judicial se ejerza dentro de un marco procesal uniforme y ordenado que permita a toda persona situada en circunstancias similares ejercer de forma efectiva su derecho a revisar un dictamen ante un panel de jueces. Véase *Yumac Home v. Empresas Massó*, 194 DPR 96, 105 (2015).

De igual manera, este Tribunal ha puntualizado que existe un imperioso interés en que las controversias se resuelvan en los méritos. Véanse: *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Pueblo v. Rodríguez Ruiz*, 157 DPR 288 (2002); *Soc. de Gananciales v. García Robles*, 142 DPR 241 (1997). Particularmente, se ha descartado la aplicación inflexible y automática de la desestimación como sanción por el incumplimiento con las reglas procesales que no afectan los derechos de las partes. Véanse, por ejemplo: *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 186 (2007); *Fraya v. A.C.T.*, 162 DPR 182, 192 (2004); *Vega v. Caribe G.E.*, 160 DPR 682, 687 (2003); *Rodríguez v. Sucn. Martínez*, 151 DPR 906, 913 (2000). En su lugar, se ha optado por hacer un balance entre "el deber de las partes de cumplir con los reglamentos procesales y el derecho estatutario de todo ciudadano a que su caso sea revisado [...]". *Román et als. v. Román et als.*, 158 DPR 163, 168 (2002).

A. Entre otras cosas, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 LPRA sec. 24 *et seq.*) va dirigida a propiciar con mayor efectividad el acceso a los tribunales.[3] En particular, el Art. 4.002 de

---

[3] Véase Exposición de Motivos de la Ley Núm. 201-2003 (2003 (Parte 1) Leyes de Puerto Rico 971).

esta ley ordena al foro apelativo a "ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". 4 LPRA sec. 24u. Igualmente, para enfocar el aspecto sustantivo de la revisión judicial de determinaciones administrativas hacia el acceso efectivo al proceso apelativo, se enmendó la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988 (3 LPRA sec. 2101 *et seq.*).[4]

En las citadas normas se reconoce la autoridad de este Tribunal para reglamentar los procedimientos ante el Tribunal de Apelaciones. 4 LPRA sec. 24w; 3 LPRA sec. 2174. Conforme a esta autoridad, el legislador nos exhortó a establecer un cuerpo de reglas dirigido, entre otros asuntos, a disminuir las desestimaciones por defectos de forma y de notificación, y a proveer una oportunidad razonable para corregir este tipo de defectos cuando éstos no afecten los derechos de las partes. *Fraya v. A.C.T.*, supra, págs. 189–192.

De esta forma, y con el objetivo de implantar el principio rector de que las controversias se atiendan en los méritos, se aprobó el Reglamento del Tribunal de Apelaciones de 2004 (4 LPRA Ap. XXII-B, R. 2(3)). Véanse: *García Morales v. Mercado Rosario*, 190 DPR 632, 638–639 (2014); *Fraya v. A.C.T.*, supra, pág. 193. Acorde con este principio, el reglamento introdujo cambios significativos en torno a los requisitos para el perfeccionamiento de recursos ante el foro apelativo. *Fraya v. A.C.T.*, supra, pág. 192. En lo pertinente, respecto al Apéndice que acompaña el recurso de revisión judicial de determinaciones administrativas, se dispuso lo siguiente:

> El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la

---

(4) Véase Exposición de Motivos de la Ley Núm. 331-2004 (2004 (Parte 2) Leyes de Puerto Rico 2317).

presentación de los documentos a que se refiere el subinciso (1) *con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días* contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

*La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.* (Énfasis suplido). *In re Aprobación Reglamento T.A.*, 162 DPR 444, 529 (2004).

Por otra parte, la Regla 83 del Reglamento del Tribunal de Apelaciones enumera las causas que pueden dar lugar a la desestimación de un recurso ante el foro apelativo. Entre otras, este reglamento permite la desestimación cuando: (1) el tribunal carece de jurisdicción; (2) el recurso no se tramita o presenta con la debida diligencia, o (3) se presenta fuera del término de cumplimiento estricto, sin justa causa para ello. Regla 83(B)(1), (2) y (3) del Reglamento del Tribunal de Apelaciones, en: *In re Aprobación Reglamento T.A.*, supra, pág. 562. No obstante, en aras de cumplir con el objetivo de disminuir las desestimaciones por defectos de forma y de notificación, se eliminó de la referida Regla 83 la disposición que permitía desestimar un recurso por falta de perfeccionamiento. Íd., pág. 563. Al respecto, en el Comentario a esta disposición se advierte lo siguiente:

> Debe tenerse presente la norma expuesta por el Tribunal Supremo de que *el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso*, para que se concilien el deber de las partes de cumplir con los requisitos procesales y el derecho estatutario de todo ciudadano de que su caso sea revisado por un Panel colegiado [...] Con este balance en mente, *el Tribunal de Apelaciones debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos.* (Énfasis suplido). Íd., págs. 563–564.

Las citadas disposiciones establecen meridianamente la oportunidad de que los casos se perfeccionen para ser atendidos en los méritos. Por ello, se sostiene que la no presentación del Apéndice, por sí sola, no es causa suficiente para la desestimación. Le corresponde a los tribunales imponer

medidas intermedias menos drásticas que logren el perfeccionamiento diligente de los recursos.

Conforme a la política que subyace en el desarrollo procesal apelativo expuesto, y considerando el deber de este Tribunal de interpretar el referido reglamento de modo tal que propicie "un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía", procede revocar la Sentencia del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 2.

## III

De entrada, reconozco que la Regla 59(E)(2) no obliga sino que faculta al Tribunal de Apelaciones para, *discrecionalmente*, permitir la presentación tardía del Apéndice. 4 LPRA Ap. XXII-B, R. 59(E)(2). Aclarado esto, los hechos demuestran que el Tribunal de Apelaciones permitió la presentación posterior del Apéndice. Para ello, el 14 de septiembre de 2015 el foro apelativo intermedio adelantó por telefax la notificación a las partes sobre la autorización para presentar posteriormente los documentos que conforman el Apéndice. Así las cosas, mediante la Resolución solo se le concedió al señor Pérez Cruz hasta el 17 de septiembre de 2015 para presentar los documentos pertinentes. Empero, de los documentos que obran en el expediente surge que el representante legal del peticionario no recibió la tramitación del envío de la notificación por telefax. Así lo hizo constar el 30 de septiembre de 2015 el señor Pérez Cruz ante el foro apelativo en su oposición a la desestimación y al presentar los documentos que forman el Apéndice en el último día hábil del término dispuesto en la Regla 59(E)(2).

Sin embargo, el mismo día que el peticionario compareció con los documentos, el foro apelativo intermedio emitió la Sentencia desestimatoria del recurso presentado, sin antes atender la moción de oposición a la desestimación presen-

tada por el señor Pérez Cruz. Peor aún, en su Sentencia, el Tribunal de Apelaciones señaló que el señor Pérez Cruz no procedió diligentemente, "toda vez que al [30 de septiembre de 2015] no ha[bía] presentado los documentos pertinentes y esenciales para poder atender y resolver en los méritos la controversia planteada [...]".[5] De esta forma, razonó que "la falta de diligencia, incumplimiento y desatención, precisa[ba] desestimar el recurso [...] por falta de perfeccionamiento y, por ende, por falta de jurisdicción [...]".[6] Ello, a pesar de que a esa fecha el recurso había sido perfeccionado.

En desacuerdo con la Sentencia emitida por el Tribunal de Apelaciones, el señor Pérez Cruz solicitó la reconsideración oportunamente. Sin embargo, el foro apelativo la denegó. Erró al así resolver.

No albergamos duda de la dificultad que entraña atender los méritos de un recurso que carece de un Apéndice. Véase *Román et als. v. Román et als.*, supra, pág. 168. Tampoco está en controversia la facultad del foro apelativo para desestimar el recurso ante sí por falta de diligencia o buena fe en su tramitación. 4 LPRA Ap. XXII-B, Rs. 83(B)(3) y 83(C). No obstante, el texto de la Regla 59(E)(2) es claro al establecer que "[l]a omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso". 4 LPRA Ap. XXII-B, R. 59(E)(2). A esos efectos, dispone que el término para actuar se activa una vez el tribunal notifica su autorización para presentar los documentos que conforman el Apéndice en una fecha posterior a la fecha cuando se presentó el recurso. Es entonces cuando la persona solicitante tendrá un término de quince días, contados a partir de la aludida notificación, para presentar los documentos.

Ciertamente, el reglamento permite la presentación *a posteriori* del Apéndice del recurso ante el foro apelativo

---

[5] Véase Sentencia del Tribunal de Apelaciones de 30 de septiembre de 2015, pág. 4.

[6] Íd.

intermedio dentro de un término de quince días desde que el referido foro la concede. No obstante, en circunstancias excepcionales y conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, ese foro tiene la facultad de prescindir del referido término con el propósito de lograr el más justo y eficiente despacho y acceso a los tribunales. Como expresamos, al aprobar el referido reglamento este Tribunal consideró la encomienda de proveer una oportunidad razonable para que las partes perfeccionen sus recursos sin afectar los derechos de todos. Por ello, tales circunstancias excepcionales no operan en el vacío y tienen que propender al balance entre la tramitación diligente de los recursos y el acceso a las partes para que se diluciden los méritos de sus reclamos. Según las circunstancias del presente caso y en el balance de los intereses involucrados, no podemos ignorar que el período concedido por el foro apelativo resultó excesivamente corto. Además de esa realidad, la falta de perfeccionamiento del recurso, *por sí sola*, no es causa suficiente para la desestimación del recurso ni priva de jurisdicción al tribunal cuando ésta se debe a defectos de notificación o de forma, que en nada afectan a las partes ni al tribunal para disponer del asunto.[7] Precisamente, la disposición reglamentaria que autorizaba la desestimación por la mera falta de perfeccionamiento se eliminó. Ello, pues la imposición de tan drástica sanción, en respuesta al incumplimiento de reglas procesales, resulta incongruente con la política de acceso efectivo al proceso apelativo. *In re Aprobación Re-*

---

[7] En el comentario a la Regla 16, que regula el contenido del escrito del recurso de apelación y cuyo lenguaje es virtualmente idéntico al de la regla que interpretamos, se señala lo siguiente:

"Otro cambio importante es el referente al Apéndice del recurso que deja de tener carácter jurisdiccional, siguiendo el mandato de la Ley de la Judicatura [...] de 2003 (Arts. 4.002 y 4.004) de que se eliminen las barreras reglamentarias que han impedido impartir justicia apelativa a los ciudadanos con reclamos válidos y de que se reduzcan al mínimo el número de recursos desestimados por defectos de forma y notificación. [...] [A] tenor de la Regla 12.1, el tribunal dará oportunidad a las partes de corregir cualquier defecto de forma del recurso". *In re Aprobación Reglamento T.A.*, 162 DPR 444, 479 (2004).

*glamento T.A.*, supra, págs. 563–564. Para esos casos, el Reglamento expresamente dispone que, por causa justificada, el foro apelativo deberá proveer una oportunidad razonable para corregir defectos de forma o de notificación que no afecten los derechos de las partes. 4 LPRA Ap. XXII-B, R. 12.1.

En este caso, mediante Resolución emitida el 14 de septiembre de 2015 y notificada el 15 del mismo mes, el Tribunal de Apelaciones, dentro de su facultad discrecional, determinó "ha lugar" la solicitud del señor Pérez Cruz de presentar el Apéndice luego de la presentación del recurso de revisión judicial. No obstante, el foro apelativo intermedio concedió al peticionario hasta el 17 de septiembre de 2015 para presentarlo, es decir, solo dos días después de notificado; ello contrario a lo dispuesto en su reglamento. En consecuencia, resulta incuestionable que el señor Pérez Cruz compareció y presentó el Apéndice el 30 de septiembre de 2015, es decir, dentro del término de quince días que dispone el reglamento a partir de la notificación.

Por lo tanto, resulta forzoso concluir que el foro apelativo intermedio incidió al acortar el término de quince días que dispone su reglamento para prorrogar la presentación del Apéndice. Según expuesto, conceder una prórroga para la presentación de un Apéndice es facultad discrecional del tribunal. No obstante, el término de esta prórroga, según dispone la Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones, son quince días fijos. Solo en circunstancias excepcionales, con el propósito de lograr el más justo y eficaz despacho, es que procedería variar este término. En este caso no existen tales circunstancias.

Por otra parte, no pasamos por alto el hecho de que el Tribunal de Apelaciones desestimó el recurso el mismo día que el peticionario compareció con los documentos. Si el foro apelativo intermedio no se percató de la aludida comparecencia, debió reconsiderar su dictamen, tal como lo solicitó el peticionario, y evaluar si las razones esbozadas en su so-

licitud constituían causa justificada para el incumplimiento. Esto es así porque, como regla general, el *mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso. Román et als. v. Román et als.*, supra, pág. 167.

En casos como el de autos, antes de desestimar el recurso, el tribunal está plenamente facultado para imponer costas, sanciones económicas o ambas si estima que el comportamiento de una parte constituye una demora, un abandono o una falta de diligencia, en perjuicio de una eficiente administración de la justicia. 4 LPRA Ap. XXII-B, R. 85(C). Este es solo un ejemplo del tipo de medidas intermedias dirigidas al trámite y el perfeccionamiento diligente del recurso que propician un balance entre el deber de las partes de cumplir con las leyes y los reglamentos procesales, y su derecho estatutario a que se revise su caso. *Román et als. v. Román et als.*, supra, págs. 167–168.

## IV

En virtud de lo que antecede, estoy conforme con revocar la sentencia emitida por el Tribunal de Apelaciones y remitir el caso a ese foro para que atienda en los méritos el recurso de revisión judicial presentado por el señor Pérez Cruz.