Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| ESPACIO RESIDENCIAL LLC. Apelado v. FRANCISCO GARCED MALAVÉ Apelante | KLAN202500357 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas Caso Núm. E CD2014-0350 Sobre: Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece el Sr. Francisco Garced Malavé (señor Garced Malavé o parte apelante) por derecho propio, a través de recurso de apelación, solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, (TPI), el 25 de febrero de 2025 en un caso de cobro y ejecución de hipoteca. Mediante dicho dictamen, el foro primario declaró Ha Lugar la solicitud de Sentencia sumaria instada por Espacio Residential LLC, (Espacio Residential o parte apelada).

Sin embargo, previo a cualquier otra consideración, nos corresponde examinar nuestra jurisdicción para intervenir en el asunto, por cuanto, *las cuestiones relativas a la jurisdicción de un tribunal, por ser privilegiadas, deben resolverse con preferencia a cualquiera otra. Mun. San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

NÚMERO IDENTIFICADOR

SEN2025_____

## I. Resumen del tracto procesal

El asunto que nos concierne tuvo su inicio el 21 de marzo de 2014 con la *Demanda* en cobro de Dinero y Ejecución de Hipoteca instada por Doral Recovery II, LLC contra Francisco Garced Malavé. El 20 de octubre de 2014 el señor Garced Malavé contestó la *Demanda*.[1]

Surge del recuento procesal incluido en la *Sentencia* apelada dictada sumariamente,[2] emitida el 25 de febrero de 2025, lo siguiente:

El **30 de marzo de 2015**, notificada el **8 de abril de 2015**, este Tribunal emitió "Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas", por lo que las partes llevaron a cabo los procesos de Mediación Compulsoria desde el **23 de abril de 2015** hasta el **12 de agosto de 2015**.

El **13 de octubre de 2015**, la parte demandante presentó "Moción Solicitando Sentencia Sumaria".

El **3 de noviembre de 2015**, la parte demandada presentó "Moción en Oposición a Sentencia Sumaria y Solicitando se Cumpla con la Ley Núm. 184 del 17 de agosto de 2012".

Luego de varios trámites procesales, este Tribunal emitió Orden señalando Vista mediante videoconferencia para el **27 de junio de 2016**.

El **27 de junio de 2016**, notificada el **8 de julio de 2016**, este Tribunal emitió "Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas", citando a las partes para comparecer el **22 de agosto de 2016.**

El **2 de septiembre de 2016**, la parte demandante presentó 'Moción Reiterando Solicitud de "Moción Solicitando se Dicte Sentencia Sumaria" radicada el día 13 de octubre de 2015.

Luego de varios trámites procesales, el **5 de diciembre de 2016**, notificada el **12 de diciembre de 2016**, este Tribunal emitió la siguiente Orden: "EL DESCUBRIMIENTO DE PRUEBA SE PERMITE. TENDR[Á]N 60 D[Í]AS PARA CUMPLIR CON ELLO".

El **17 de febrero de 2017**, la parte demandante presentó "Moción en Solicitud de Término [A]dicional", la cual este Tribunal declaró *con lugar* mediante Orden emitida el **22 de febrero de 2017** y notificada el **27 de febrero de 2017.**

El **24 de febrero de 2017,** la parte demandada presentó "Moción Sobre Descubrimiento de Prueba y Solicitando Orden".

El **24 de marzo de 2017**, la parte demandante presentó "Moción Informativa" notificando a este Tribunal haber enviado a la parte demandada "Contestación al Primer Pliego Interrogatorio y Producción de Documentos" en esa misma fecha[.]

El **17 de abril de 2017**, la parte demandante presentó 'Moción Reiterando Solicitud de "Moción Solicitando se Dicte Sentencia Sumaria" [r]adicada el [d]ía 13 de octubre de 2015.

El **19 de abril de 2017,** notificada el **20 de abril de 2017**, este Tribunal dictó Orden solicitando ser informado referente a la culminación del trámite de Mediación.

El **21 de abril de 2017**, la parte demandante presentó "Moción Informativa en Cumplimiento de Orden" informando a este Honorable Tribunal de la comparecencia de la parte demandada a la última citación de mediación sin los documentos como consecuencia de su decisión de no acogerse al programa de mediación, motivo por el cual la misma no se llevó a cabo.

---

[1] Dada la cantidad limitada de documentos incluidos en el apéndice del recurso, continuamos este recuento procesal con el provisto en la *Sentencia* apelada.

[2] Resulta necesario destacar que no obra en el expediente ante nos la fecha de su notificación.

[...]

El **17 de febrero de 2022**, la parte demandada presentó "Moción Solicitando Derecho del Deudor a Extinguir Crédito Litigioso".

El **24 de febrero de 2022**, notificada el **28 de febrero de 2022**, este Tribunal emitió la Orden que se transcribe a continuación: "DEMANDANTE, 20 D[Í]AS PARA EXPRESARSE".

El **8 de marzo de 2022**, la parte demandante presentó "Oposición a Moción Ejerciendo Derecho de Retracto de Crédito Litigioso y Solicitud de Cantidad a Pagar".

El **14 de marzo de 2022**, notificada el **23 de marzo de 2022**, este Honorable Tribunal emitió la Orden que se transcribe a continuación: "NO HA LUEGAR [sic] A LA "MOCI[Ó]N SOLICITANDO DERECHO DEL DEUDOR A EXTINGUIR CR[É]DITO LITIGIOSO" PRESENTADA POR LA PARTE DEMANDADA".

El **12 de julio de 2022**, la parte demandante presentó "Moción Solicitando Sustitución de Parte Demandante y Referido a Mediación Compulsoria".

El **18 de julio de 2022**, notificada el **22 de julio de 2022**, este Tribunal emitió "Orden de Referido al Centro de Mediación de Conflictos en Casos De Ejecución De Hipotecas Por Videoconferencias" donde cita a las partes el 7 de octubre de 2022, a las 8:45 de la mañana.

El **4 de octubre de 2022,** notificada el **6 de octubre de 2022,** este Tribunal emitió nueva "Orden de Referido al Centro de Mediación de Conflictos en Casos De Ejecución De Hipotecas Por Videoconferencias" donde cita a las partes el 21 de diciembre de 2022, a las 1:15 de la tarde.

El **26 de enero de 2023**, la parte demandada presentó "Moción en Solicitud de Prórroga".

[...]

El **13 de julio de 2023**, el Centro de Mediación de Conflictos presentó "Moción Informativa Sobre Resultado De Caso De Ejecución De Hipoteca Atendido Mediante Servicio De Videoconferencia", en la cual se informa que ambas partes de asistieron y los demandados fueron orientados sobre alternativas, fue mediado y cerrado sin acuerdo. Por lo que, el Centro de Mediación devuelve el caso al tribunal.[3]

Inconforme, con la *Sentencia* aludida, el 25 de abril de 2025 el señor Garces Malavé presentó el recurso de apelación que nos ocupa. En este, anejó un documento intitulado *Apelación Civil* en el cual formuló los siguientes señalamientos de error:

1. El tribunal erró al admitir como prueba una tabla de amortización no juramentada, carente de firma, certificación, sello o autor identificado, contraviniendo la Regla 11 de Evidencia de Puerto Rico.

2. Erró al dictar sentencia sobre la base de dicha tabla presentada más de doce años después del inicio del pleito, en violación del principio de celeridad procesal (Artículo 1203 del Código Civil) y de la buena fe procesal (Artículo 180 del Código de Procedimiento Civil).

3. Erró al no requerir prueba documental auténtica y continua que acreditara la cadena de cesiones del pagaré desde el acreedor original hasta el demandante final, lo cual impidió verificar la

---

[3] Anejo 1 del Apéndice del recurso, según notificado originalmente. También, págs. 9-26 del Apéndice del recurso según presentado para corregir defecto.

legitimación activa conforme a los precedentes del Tribunal Supremo de Puerto Rico.

4. Erró al considerar suficientes las respuestas evasivas a los interrogatorios presentados, sin exigir cumplimiento con la Regla 36.1 de Procedimiento Civil. Aunque la parte demandante podría alegar que, en virtud de la Regla 36.3 de Procedimiento Civil, las respuestas ofrecidas a los interrogatorios no fueron impugnadas formalmente, tal planteamiento no puede prevalecer cuando el contenido de dichas respuestas fue claramente evasivo e insuficiente, y cuando esta parte quedó sin representación legal efectiva durante la fase crítica del procedimiento. La Regla 36.3 no puede utilizarse para validar respuestas que no cumplen sustantivamente con el deber de divulgación, ni exonera al tribunal de su deber de evaluar la suficiencia legal de la prueba cuando hay alegaciones de indefensión y falta de legitimación activa.

5. Erró al denegar el ejercicio del derecho al retracto litigioso sin análisis jurídico sustantivo, y sin evaluar adecuadamente las múltiples cesiones de crédito ni la falta de notificación efectiva al deudor.

6. Erró al dictar sentencia sin tomar en cuenta la situación de indefensión procesal del demandado, quien quedó sin representación legal al momento de la sentencia y no pudo ejercer una defensa efectiva.

El 7 de mayo de 2025 este foro intermedio emitió y notificó una *Resolución* mediante la cual le concedimos a la parte apelante un término final e improrrogable de cinco (5) días para cumplir con el requisito de la Regla 16(E) de nuestro Reglamento, 4 LPRA, Ap. XXII-B, Regla 16(E), al percatarnos de que el apéndice estaba desprovisto de la documentación mínima para atender el recurso. También, advertimos que el incumplimiento con lo ordenado podía conllevar la desestimación del recurso de *Apelación*.

El 16 de mayo de 2025 el señor Garced Malavé presentó un recurso de apelación corregido,[4] en el cual señaló los siguientes errores:

PRIMER ERROR: ERR[Ó] EL TPI AL DICTAR SENTENCIA SUMARIA UTILIZANDO UNA TABLA DE AMORTIZACIÓN QUE CLARAMENTE REFLEJABA UNA CONTROVERSIA DE HECHOS

SEGUNDO ERROR: ERR[Ó] EL TPI AL VIOLA[R] EL PRINCIPIO DE CELERIDAD PROCESAL Y NEGLIGENCIA PROBATORIA

TERCER ERROR: ERR[Ó] EL TPI AL PERMITIR QUE LA PARTE APELADA NO CONTESTAR[A] LOS INTERROGATORIOS DE LA PARTE DEMANDADA APELANTE

---

[4] Además, distinto al recurso de apelación original, esta vez incluyó como anejos los siguientes escritos: *Demanda* del 21 de marzo de 2014; *Contestación a Demanda* del 20 de octubre de 2014; *Moción Solicitando Sentencia Sumaria* del 8 de octubre de 2015; *Resolución y Orden* del 25 de octubre de 2024; *Moción en Oposición a ¨Moción Urgente en Solicitud de Sustitución de Parte¨* del 3 de diciembre de 2014; *Oposición a ¨Moción Solicitando Derecho del Deudor a Extinguir Crédito Litigioso¨* del 10 de febrero de 2015, entre otros.

**II. Exposición de Derecho**

A.

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, supra; *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). Al carecer de jurisdicción o autoridad para considerar un recurso, lo procedente es la desestimación del caso. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 165 (2016).

B.

La jurisdicción y competencia de este Tribunal para atender un recurso de apelación están establecidas claramente en las disposiciones legales provistas por la Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (en adelante, Ley de la Judicatura de 2003), según enmendada, 4 LPRA secs. 24(t) *et seq.*, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, Regla 52.2(a), y en la Regla 13 de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 13. A tales efectos, resulta imprescindible resaltar que el Artículo 4.006(a) de la Ley de la Judicatura de 2003, 4 LPRA sec. 24y(a), indica que este Tribunal conocerá de toda sentencia final dictada por el Tribunal de Primera Instancia

mediante recurso de apelación. Este Tribunal tiene facultad para atender los méritos de un recurso de apelación al amparo del citado Artículo 4.006(a), *supra*, si el mismo se presenta oportunamente dentro del término jurisdiccional de treinta (30) días, contado a partir de archivo en autos de copia de la notificación de la sentencia apelada, a tenor con lo dispuesto por la Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 13(A).

Por su parte, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, Regla 52.2(a), dispone, en lo pertinente, que el recurso de apelación para revisar sentencias ante el Tribunal de Apelaciones deberá ser presentado dentro del término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. Similarmente, la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 13(A), dicta que las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.

Los términos para apelar sentencias sean penales o civiles, son fijados por ley para conferir jurisdicción al tribunal apelativo. *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 890 n.8 (1993); *Pueblo v. Mojica Cruz*, 115 DPR 569, 574 (1984); *Pueblo v. Miranda Colón*, 115 DPR 511, 513 (1984). Es norma reiterada que un término de naturaleza jurisdiccional es de carácter fatal y su incumplimiento priva al foro apelativo de jurisdicción para atender el recurso instado. En virtud de ello, "[c]ontrario a un término de cumplimiento estricto, un término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 7 (2000).

C.

La Regla 13 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 13(B), se encarga de dictar el curso a seguir por la parte apelante con relación a la notificación a las partes del recurso de apelación que se

presente, junto a sus apéndices. En específico, en lo relativo a la *Notificación a las partes* de la presentación del recurso de apelación, la Regla 13 (B), *Íd.*, determina lo siguiente: la parte apelante notificará el recurso apelativo y sus apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de cumplimiento estricto. La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. *Íd.* Esta norma es aplicable a todos los recursos. *Íd.*

D.

La Regla 16 (E)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 16(E)(1), regula lo concerniente al contenido del apéndice del escrito de apelación. La Regla precitada establece lo siguiente:

> (E) Apéndice
> (1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:
> (a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
> (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;
> **(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;**
> (d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;
> (e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia. *Íd.* (Énfasis provisto).

La Regla 16 (E)(2) del citado Reglamento, 4 LPRA Ap. XXII-B, Regla 16(E)(2), dispone que este foro intermedio, a petición de la parte apelante en el escrito de apelación o en moción o *motu proprio*, podrá permitir a la parte apelante la presentación del apéndice, dentro de un término de quince (15) días contado el mismo a partir de la fecha de notificación de la resolución del Tribunal autorizando la presentación de los documentos. Inmediatamente en el mismo texto se determina que la omisión de incluir los documentos no será

causa automática de desestimación del recurso. *Íd.* Termina indicando que de no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, la omisión podría dar lugar a la desestimación del recurso. *Íd.*

Además, la Regla 83(C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 83(C), autoriza la desestimación de un recurso de apelación cuando el Tribunal carezca de jurisdicción o por incumplir órdenes para su perfeccionamiento.

E.

La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El propósito de esta norma no se limita a vindicar la autoridad de los tribunales, sino que también se dirige a propiciar que el Poder Judicial se ejerza dentro de un marco procesal uniforme y ordenado, que le permita a toda persona situada en circunstancias similares, ejercer de forma efectiva su derecho a revisar un dictamen ante un panel de jueces. *Lopez Bonelli v. Pérez Cruz*, 198 DPR 61, 65 (2017) (Opinión de conformidad emitida por el Juez Asociado Señor Estrella Martínez emitida en la Sentencia); Véase, también, *Yumac Home v. Empresas Massó*, 194 DPR 96, 105 (2015).

La existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98, 104 (2013). Los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. *Soto Pino v. Uno Radio*

*Group,* supra. Entre dichos requisitos están la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones y su notificación a las partes, ambos inciden en la jurisdicción del tribunal. *Pérez Soto v. Cantera Pérez, Inc.,* supra.

### III. Aplicación del derecho a los hechos

Según indicamos, como cuestión de umbral, y antes de examinar los errores señalados, debemos pronunciarnos sobre nuestra jurisdicción para atender el recurso de apelación presentado.

Es norma reiterada que las reglas de este foro apelativo sobre perfeccionamiento de los recursos han de ser observadas rigurosamente. *Soto Pino v. Uno Radio Group,* supra. A fin de cuentas, es necesario colocarnos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Íd.* Por tanto, nuestro ordenamiento nos autoriza a desestimar el recurso ante la inobservancia de las disposiciones reglamentarias sobre el perfeccionamiento. *Allied Mgmt. Grp., Inc. v. Oriental Bank,* supra, págs. 386-387.

A la severidad de la sanción de desestimar el recurso se le opone la exigencia de nuestro Tribunal Supremo de que nos aseguremos de que el quebrantamiento de dichos postulados haya provocado un impedimento *real* y *meritorio* para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.,* 158 DPR 163, 167-168 (2002). Por consiguiente, solo si se cumple con dicho parámetro procederá la desestimación. *Íd.*

En el caso de incluir el apéndice como parte del escrito de apelación, su importancia estriba en que nos permite verificar el cumplimiento con los términos procesales vigentes. *Salinas v. SLG Alonso,* 160 DPR 647, 654 (2003). Además, este debe ser presentado de manera completa y correcta dentro del término de treinta (30) días para presentar el recurso de apelación. *Cruz Castro v. Ortiz Montalvo,* 154 DPR 47, 51 (2001).

Sin embargo, la Regla 16(E)(2) de nuestro Reglamento, *supra*, dispone, en lo pertinente, que *la omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.* En consecuencia, antes de desestimar un recurso por causa de que el apéndice esté incompleto, conviene auscultar otras avenidas procesales, como la de conceder término a la parte para que lo complete. *Salinas v. SLG Alonso,* supra. Después de todo, nuestro alto foro ha manifestado que la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 le reconoce a todo ciudadano el derecho a que su caso sea revisado por un tribunal colegiado y dispone *expresamente* que las formalidades de los procesos apelativos no son causa legítima, en primera instancia, para menoscabar dicho derecho. *Fraya v. ACT*, 162 DPR 182, 195 (2004).

En atención a ello, revisamos el recurso de apelación presentado por el señor Garced Malavé. Como resultado de dicho ejercicio, nos percatamos de que este era uno defectuoso por encontrarse desprovisto de la documentación mínima para atenderlo. Particularmente, la parte apelante no incluyó la hoja de notificación de la *Sentencia* apelada, de manera que pudiéramos auscultar nuestra propia jurisdicción, lo cual resulta contrario al dictamen expreso de la Regla 16(E)(c) de nuestro Reglamento, *supra.* Por consiguiente, el 7 de mayo de 2025, notificamos una *Resolución* mediante la cual le concedimos un término final e improrrogable de cinco (5) días para cumplir con el requisito de la Regla 16(E) de nuestro Reglamento, *supra.* A su vez, le advertimos que el incumplimiento con lo ordenado podía conllevar la desestimación del recurso de apelación.

Entonces, el 16 de mayo de 2025, fuera del término improrrogable concedido, el señor Garced Malavé presentó un recurso de apelación enmendado. En este incluyó otros documentos, ninguno de lo cuales auxiliaron nuestra labor de auscultar nuestra jurisdicción para atender el

caso en los méritos, al no tener información sobre cuándo se notificó la *Sentencia*. Lo anterior cobra mayor relevancia habida cuenta de que el dictamen apelado fue emitido el 25 de febrero de 2025 y el recurso de apelación fue presentado el 25 de abril de 2025. Por consiguiente, con la información contenida en el expediente ante nos solo podemos llegar a la conclusión de que el recurso fue presentado en exceso del **término jurisdiccional de treinta (30) días a partir de la notificación del dictamen apelado,** provisto por la Regla 52.2(a) de Procedimiento Civil, *supra*.[5]

De otro lado, aun si partiéramos de la premisa de que ostentamos jurisdicción sobre la controversia, solo para propósitos de enfatizar en lo siguiente, tampoco fuimos colocados en posición de hacer nuestra revisión *de novo* de la *Sentencia* dictada sumariamente el 25 de febrero de 2025, pues no contamos con la totalidad de los documentos que el TPI tuvo ante su consideración. Entre ellos, la *Moción en Oposición a Sentencia Sumaria y Solicitando se Cumpla con la Ley Núm. 184 del 17 de agosto de 2012* presentada el 3 de noviembre de 2015, documento imprescindible para dilucidar la controversia que nos ocupa. Lo anterior constituye un incumplimiento con la Regla 16(E)(1), *supra*, la cual manda que se incluyan mociones como la aludida y su incumplimiento, en algunos casos, podría dar lugar a la desestimación del recurso.

Entre otros incumplimientos, resalta que la parte apelante no incluyó una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, según requerido por la Regla 16(C)(1) del Reglamento de este tribunal, *supra*.[6] Además, no acreditó la notificación del recurso de apelación corregido a la parte apelada.

---

[5] Tampoco vemos que la parte apelante haya incluido en el apéndice de su recurso de apelación una solicitud de reconsideración sobre la *Sentencia* del 25 de febrero de 2025, de manera que haya quedado interrumpido el término para presentar el recurso de apelación ante este foro revisor.

[6] La Regla 16(C)(d) aludida, 4 LPRA, Ap. XXII-B, Regla 16(C)(d) dispone que el cuerpo del escrito de apelación contendrá una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

En consecuencia, damos por no cumplida la Orden del 7 de mayo de 2025 y procedemos a desestimar el recurso de apelación de epígrafe por falta de jurisdicción, de conformidad con la Regla 83(C) de nuestro Reglamento, *supra*.

**IV. Parte dispositiva**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, corresponde desestimar el presente recurso, por carecer este foro intermedio de jurisdicción para atenderlo.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones