Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL XI

| | | |
|---|---|---|
| DEREK LUIS CRUZ RODRÍGUEZ<br><br>Apelante<br><br>V.<br><br>PASCUAL CRUZ CINTRÓN Y OTROS<br><br>Apelados | KLAN202300125 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV03003<br><br>Sobre: Ley 121-2019 Ley Núm. 146-2012, Fraude, Robo de Identidad, Pensión Alimentaria, Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2023.

El 13 de febrero de 2023, compareció ante este Tribunal de Apelaciones, el señor Derek Luis Cruz Rodríguez (en adelante, parte apelante o señor Cruz Rodríguez), mediante recurso de *Apelación*. Por medio de este, nos solicita que revisemos una sentencia final emitida el 11 de enero de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce[1].

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I**

El 13 de febrero de 2023, la parte apelante acudió ante este foro revisor por medio de recurso de *Apelación*. En este nos solicita que revoquemos una sentencia emitida por el foro primario, no obstante, el señor Cruz Rodríguez no acompañó la aludida

---

[1] La parte apelante no acompañó la sentencia de la cual solicita revisión.

Número Identificador

SEN2023 _____

sentencia, ni otros documentos relevantes. En su escrito, la parte apelante esboza los siguientes señalamientos de error:

- Erró el [T]ribunal al no remover dichos escritos con deficiencias del expediente y ordenándome a responder a mociones sin notificar ni certificar, por los abogados.

- Erró el [T]ribunal en creer en la palabra de Eco Eléctrica, donde dicen que solo le pagan a estudiantes estudiando bachillerato. [C]uando a mi hermano Pascual Cruz Rodríguez le pagaron la beca por tan solo ser estudiante en Mech-tech coll[e]ge matriculado en el programa técnico de mecánica automotriz y nunca ha estado matriculado en bachillerato. Desmintiendo así las palabras de Edgardo Luis Rodríguez Lafontaine (TS21958)[.] Le depositaron el día 10 de marzo de 2021 beca sin ser estudiante universitario matriculado en bachillerato.

- Erró el [T]ribunal en creer en la palabra de la [L]cda. Aponte donde dice que tiene capitulaciones sin presentar evidencia, erró el tribunal en creerle sin ella presentar evidencia alguna.

- Erró el TPI en permitir la representación legal en conflicto de intereses contrario a derecho, de los abogados: **Wanda M. Aponte:** Pascual Cruz Rodríguez y Yeillin Laby su esposa, **Yeillin Laboy:** derecho propio y **Edgardo Rodr[í]guez:** Carlos Reyes Berrios, Cynthia Figueroa Negr[ó]n y Eco Eléctrica LP[.]

- Erró el [T]ribunal en no anotar la rebeldía a las partes que no comparecen.

- Erró el TPI en no echar notificación en el correo el mismo día en que se determinó la sentencia final el 11 de enero de 2023 y la llevaron al correo el 13 de enero de 2023.

- Erró el [T]ribunal en tener liviandad ante las faltas de los abogados de no notificarme: Wanda Aponte, Edgardo Rodríguez y Yeillin Laboy al no remover sus escritos sin notificar y así tener preferencia a esas partes y conmigo no igualó la misma liviandad ni preferencia en ninguna de mis mociones. Contrario a derecho no removió sus mociones improcedentes y me ordenó a responder en 2 ocasiones a mociones sin notificar.

- Erró el TPI al no declarar ha lugar el pago correspondiente de b[e]ca por mil dólares por 4 años a eco Eléctrica por concepto de BECA otorgada a hijos de empleados, que la jurisprudencia ya determin[ó] que nos corresponde y a [t]rav[é]s de la misma se solicitó orden y falló el tribunal al no declararla ha lugar.

- Erró el [T]ribunal en desestimar la demanda considerando la moción improcedente del [L]cdo. Edgardo Rodríguez, donde pretende confundir al tribunal diciendo falsamente que los 15 días para la reconsideración contaban desde el 11 de enero de 2022. Los 15 días cuentan desde que el tribunal depositó la notificación en el correo, confirmado con la fecha del matasello en el sobre del correo que según (anejo 5) los 15 días para solicitar reconsideración son a partir desde el 13 de enero de 2023.

- Erró el [T]ribunal [a]l no declarar [h]a lugar ninguna de mis mociones que todas procedían en derecho.

- Erró el [T]ribunal al no encarcelar a mi padre que debe dinero por concepto de pensión alimentaria.

- Erró el [T]ribunal al no citar vista evidenciar[i]a.

- Erró el [T]ribunal al no investigar los asuntos de fraude de Pascual Cruz Cintrón, Enid Cedeño Corner, Wanda Aponte Torres, Yeillin Laboy Hern[á]ndez con sus fraudes en el PAN.

- Erró el [T]ribunal al no encarcelar a mi padre debido a la explotación financiera que tiene con mi abuela Genoveva Cintrón Rivera.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[2].

**II**

**A. Jurisdicción**

Nuestra más Alta Curia, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles*, supra,

---

[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). Un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[3], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos Apelativos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Tribunal Supremo ha

---

[3] 4 LPRA Ap. XXII-B, R. 83.

expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290. Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de apelación en casos civiles, la Regla 16 del Reglamento de este Tribunal, en su inciso (C), dispone lo siguiente:

> *Regla 16 – Contenido del escrito de apelación en casos civiles*
>
> (C)  Cuerpo
>
> > (1)  Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> >
> > > (a)  [...]
> > >
> > > (b)  [...]
> > >
> > > (c)  [...]
> > >
> > > (d)  Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
> > >
> > > (e)  [...]
> > >
> > > (f)  Una discusión de los errores señalados, incluyendo las disposiciones de la ley y la jurisprudencia aplicables.
> > >
> > > (g)  La súplica. 4 LPRA Ap. XXII-B, R. 16(C).

Por otro lado, la Regla 16(E)(1) de nuestro Reglamento[4], dispone que, la inclusión de un apéndice debe contener, entre otros, los siguientes requisitos:

> [.....]
> (E)  Apéndice
>
>> (1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:
>>
>>> (a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
>>>
>>> (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;
>>>
>>> (c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;
>>>
>>> (d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste.
>>>
>>> (e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.,* 172 DPR

---

[4] 4 LPRA Ap. XXII-B, R. 16(E)(1).

150, 155 (2007). También, ha expresado que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán ser observadas rigurosamente. *Soto Pino v. Uno Radio Group.*, supra, pág. 90*; Hernández Maldonado v. Taco Marker*, 181 DPR 281 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[5] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[6]

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

---

[5] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[6] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

El señor Cruz Rodríguez nos solicita que revisemos una sentencia final emitida el 11 de enero de 2023, por el Tribunal de Primera Instancia, sin embargo, este no acompañó tal sentencia. Asimismo, la parte apelante tampoco incluyó la demanda ni otros documentos relevantes, por lo cual, no nos colocó en posición de revisar al foro primario. Lo anterior es un incumplimiento con la Regla 16(E)(1) de nuestro Reglamento. La referida regla dispone que, los recursos deben incluir un apéndice que contendrá las alegaciones de las partes, la sentencia del Tribunal de Primera Instancia cuya revisión solicita, toda resolución u orden, y toda moción o escrito de las partes que forme parte del expediente original en el foro de primera instancia, y cualquier otro documento que forme parte de tal expediente y que pueda ser útil a este tribunal a los fines de resolver la controversia[7].

Por otro lado, la parte apelante también incumplió con la Regla 16(C)(1) del Reglamento de este tribunal. Lo anterior, debido a que, no incluyó una relación fiel y concisa de los hechos procesales, importantes y pertinentes del caso[8]. El recurso carece, además, de una discusión de los errores señalados, incluyendo las disposiciones de la ley y la jurisprudencia aplicables[9], y la súplica.

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente[10]. El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.

En consecuencia, procedemos a desestimar el recurso de apelación de epígrafe, de conformidad con la Regla 83(C) del

---

[7] 4 LPRA Ap. XXII-B, R. 16(E)(1).

[8] 4 LPRA Ap. XXII-B, R. 16(C)(1)(d).

[9] 4 LPRA Ap. XXII-B, R. 16(C)(1)(f).

[10] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.

Reglamento de este Tribunal[11], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  El Juez Adames Soto emite Voto Explicativo de Conformidad.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] 4 LPRA Ap. XXII-B, R. 83 (C).

| | | |
|---|---|---|
| DEREK LUIS CRUZ RODRÍGUEZ<br>Apelante<br><br>v.<br><br>PASCUAL CRUZ CINTRÓN y OTROS<br>Apelados | KLAN202300125 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm: PO2022CV03003<br><br>Sobre:<br>Ley 121-2019 Ley Núm. 146-2012, Fraude, Robo de Identidiad, Pensión Alimentaria, Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Juez Martínez Cordero

## VOTO EXPLICATIVO DE CONFORMIDAD DEL JUEZ NERY E. ADAMES SOTO

Sin duda alguna, estamos ante un caso en el que la parte apelante no acompañó apéndice alguno con su recurso de apelación, por tanto, es claramente defectuoso. No obstante, se ha de considerar que en *Fraya v. ACT*, 162 DPR 182 (2004), se nos dijo que, por virtud de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley 201-2003, se le reconoce a todo ciudadano el derecho a que su caso sea revisado por un tribunal colegiado y dispone expresamente que las formalidades de los procesos apelativos no son causa legítima, en primera instancia, para menoscabar dicho derecho. Cónsono con ello, la Regla 16(E)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, dispone, en lo pertinente, que *la omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.* Sobre esto último, me parece de mucho valor persuasivo el

razonamiento expuesto por el Juez Asociado Luis Estrella, en su Voto de Conformidad en la Sentencia *López Bonelli v. Pérez Cruz,* 198 DPR 61 (2017). En consecuencia, antes de desestimar un recurso por causa de que el apéndice esté incompleto, conviene auscultar otras avenidas procesales, como la de conceder término a la parte para que lo complete, *Salinas v. SLG Alonso,* 160 DPR 647 (2003). En definitiva, por las causas expuestas, no concedo mi voto en determinaciones que supongan la desestimación del recurso como primera opción, ante un apéndice incompleto.

Sin embargo, al verificar el recurso presentado, **(y tal como se señala en la Sentencia que suscribo)** [1], también resalta que el apelante incluyó una sucesión de señalamientos de error, pero sin incluir la discusión particularizada por cada uno de dichos errores, menos aún las disposiciones de ley y jurisprudencia aplicables. Regla 15(C)(1)(e) y (f) del Reglamento del Tribunal de Apelaciones, *supra.* Según se sabe, como foro apelativo estamos impedidos de considerar señalamientos de errores no discutidos. *Morán v. Martí,* 165 DPR 356 (2005). De lo que se deriva que, aunque pudiésemos dar un término al apelante para cumplir con la presentación del apéndice, de todos modos, procedería desestimar, ante la carencia de explicación, discusión o fundamentos sobre los señalamientos de error alzados, asunto que no podría ser corregido.

Por las razones expuestas, he decidido dar mi voto de conformidad en este caso.

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Nery Enoc Adames Soto
Juez de Apelaciones

---

[1] La inclusión de este asunto en la Sentencia que suscribo, es el que provoca que mi voto sea de conformidad y no uno concurrente.