ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| LAUREN DE PABLO VÁZQUEZ Y OTROS<br><br>Demandantes-Apelados<br><br>v.<br><br>LUIS ACOSTA ORTEGA Y OTROS<br><br>Demandados-Apelantes | KLAN202400175 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: FDP20080286 consolidado con FDP20120114<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez.

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2024.

El 26 de febrero de 2024, la parte demandada y apelante, Municipio Autónomo de Carolina (Municipio), compareció ante nos mediante un recurso de *Apelación*. Solicitó la revocación de la *Sentencia* emitida el 28 de noviembre de 2023, notificada el 27 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala de Carolina (TPI).

Por los fundamentos que expondremos a continuación, acordamos desestimar el recurso por falta de jurisdicción.

**I.**

Según anticipamos, en el último día hábil para apelar, el Municipio impugnó la *Sentencia* dictada en los casos consolidados del epígrafe.[1] En ambos litigios, la parte demandante y apelada reclamó los daños y perjuicios causados por un accidente de tránsito ocurrido el 4 de mayo de 2008, aproximadamente a las cinco de la madrugada, en la carretera PR-37, conocida como la avenida Isla Verde en Carolina. En esencia, el también demandado Luis Acosta

---

[1] Apéndice, págs. 188-214.

Número Identificador

SEN2024 _____

Ortega condujo un vehículo de motor en estado de embriaguez y atropelló a Rolando Martínez Fínale, quien cruzaba la avenida Isla Verde por el cruce peatonal.

En aquella parte que nos atañe, el TPI concluyó que el apelante tenía "la jurisdicción y el control sobre el alumbrado público, los [p]ostes y las luminarias ornamentales que están en las aceras a ambos lados de la avenida Isla Verde".[2] Por consiguiente, adjudicó un 25% de negligencia contra el Municipio y lo condenó a pagar una indemnización de $139,086.84 a los apelados.

En su recurso apelativo, el apelante esbozó los siguientes señalamientos de error:

A. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IMPONERLE EL 25% DE RESPONSABILIDAD AL MUNICIPIO DE CAROLINA POR PRESUNTA FALTA DE ILUMINACIÓN ADECUADA EN LA AVENIDA ISLA VERDE CUANDO NO HUBO EVIDENCIA ADMITIDA QUE A SATISFACCIÓN DEL TRIBUNAL QUE DEMOSTRARA QUE EL ESTADO DELEGÓ TOTALMENTE EN EL MUNICIPIO DE CAROLINA LA INSTALACIÓN DEL ALUMBRADO.

B. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL CODEMANDADO LUIS ACOSTA ORTEGA INCURRIÓ TAN S[Ó]LO EN 25% DE NEGLIGENCIA CUANDO [É]STE INCURRI[Ó] EN NEGLIGENCIA CRASA Y TEMERARIA AL MANEJAR UN VEHÍCULO DE MOTOR EN ESTADO DE EMBRIAGUEZ, A EXCESO DE VELOCIDAD, ATROPELLANDO A UN PEATÓN Y ABANDONANDO LA ESCENA.

C. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA PRESUNTA FALTA DE ILUMINACIÓN ADECUADA FUE UN FACTOR CONTRIBUYENTE EN LA PRODUCCIÓN DEL ACCIDENTE, CUANDO EL VEHÍCULO BMW 330 QUE MANEJABA EL CODEMANDADO LUIS ACOSTA ORTEGA TENÍA SUS CUATRO POTENTES FOCOS DELANTEROS ENCENDIDOS Y EN BUEN FUNCIONAMIENTO.

D. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO IMPONER UN POR CIENTO DE NEGLIGENCIA COMPARADA AL PEATÓN AL CRUZAR LA AVENIDA ISLA VERDE MIENTRAS VENÍA UN VEHÍCULO EN MARCHA CON LAS LUCES ENCENDIDAS, VISIBLE A DISTANCIA.

---

[2] Apéndice, pág. 192, acápite 5 (hecho estipulado).

E. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER COMPENSACIÓN EN EXCESO DE LO QUE LA LEY DE MUNICIPIOS AUTÓNOMOS PERMITE.

F. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO REALIZAR LAS DEDUCCIONES DE LA LEY DE LA ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES.

Luego de presentado el recurso apelativo, el 4 de marzo de 2024, los apelados, conformados por Rolando Martínez Fínale, su esposa Lauren De Pablo Vázquez, la Sociedad Legal de Gananciales compuesta por ambos, la hija de la pareja, Deianeira Martínez De Pablo; los padres del primero, Pedro Rolando Martínez Torres y Ondina Fínale Cárdenas (Q.E.P.D.), así como los sucesores de ésta, a saber, Rolando Martínez Torres, Rolando Martínez Fínale y Javier Olivero Mercado, sucesor a su vez de Olga Martínez Fínale (Q.E.P.D.), instaron *Moción de desestimación por falta de jurisdicción y Prórroga para radicar el alegato de la parte apelada*. En síntesis, alegaron que el Municipio incumplió con la Regla 16 (E) (1) (a, d y e) del Reglamento del Tribunal de Apelaciones, *infra*. En específico, sostuvieron que no había jurisdicción debido a la presentación de un apéndice incompleto por parte del apelante.

A esos efectos, unieron copia de la *Minuta* de 26 de enero de 2022, la cual resume una vista presencial celebrada por el TPI para marcar la prueba documental del caso y establecer 11 estipulaciones.[3] Acerca de la evidencia allí enumerada, la cual los

---

[3] Con relación a las estipulaciones, se consignaron los siguientes enunciados:
1. La carretera PR-37 (en adelante avenida Isla Verde) está bajo la jurisdicción, el control y el mantenimiento del Departamento de Transportación Pública del Estado Libre Asociado de Puerto Rico.
2. Las aceras de la avenida Isla Verde están bajo la jurisdicción, el control y el mantenimiento del Municipio.
3. El Municipio construyó los reductores de velocidad que se encuentran a lo largo de la avenida isla Verde. Los reductores de velocidad están bajo la jurisdicción del Municipio quien es responsable de su mantenimiento.
4. El Municipio tiene la jurisdicción y control sobre las aceras a ambos lados de la avenida Isla Verde y la responsabilidad de su mantenimiento.

apelados aseguran que está vinculada a varios de los señalamientos de error, se marcaron los siguientes exhibits: Exhibit 1 Expediente médico de Martínez Fínale por el Dr. José M. Santiago Figueroa (44 folios); Exhibit 2 Expediente médico de Martínez Fínale en ASEM (489 folios); Exhibit 3 Expediente médico de Martínez Fínale en el Hospital Oncológico (18 folios); Exhibit 4 Expediente de Martínez Fínale en el Hospital San Gerardo (25 folios); Exhibit 5 Expediente médico de Martínez Fínale en la Corporación del Fondo del Seguro del Estado (136 folios); Exhibit 6 Notificación de la Aprobación del Seguro Social sobre la incapacidad de Martínez Fínale (6 folios); Exhibit 7 Expediente de Martínez Fínale del Hospital Industrial (520 folios).[4] Estos documentos no obran en los autos.

Además, surge de la *Minuta* que los apelados identificaron otras 21 piezas de evidencia, entre las que incluyeron el Informe Pericial del Ing. Fermín Sagardía.[5] Por igual, los apelados indicaron que el Municipio excluyó la identificación 21, la cual se admitió como exhibit en el juicio. Explicaron que el documento hace referencia a la contestación del interrogatorio suscrito por el señor Víctor Rodríguez Mangual. Los apelados afirmaron que este exhibit

---

5. El Municipio tiene la jurisdicción y el control sobre el alumbrado público, los postes y las luminarias ornamentales que están en las aceras a ambos lados de la avenida Isla Verde.
6. El 4 de mayo del 2008 aproximadamente a las 5:00 am el codemandado Luis V. Acosta Ortega (en adelante Acosta Ortega) transitaba por la avenida Isla Verde en dirección de este a oeste conduciendo un vehículo de motor BMW 330 de 2005 con tablilla GOH-887 perteneciente a Waldemar Quiles Rodriguez.
7. Mientras conducía el vehículo descrito Acosta Ortega impactó con la parte lateral derecha del mismo al codemandante Rolando Martínez Fínale quien cruzaba la avenida por el cruce peatonal frente al hotel San Juan y lo arrojó al pavimento.
8. Acosta Ortega manejaba el vehículo bajo los efectos de bebidas embriagantes. La prueba de aliento que se le realizó arrojó que este tenía .204% de alcohol en la sangre.
9. Acosta Ortega no se detuvo en el lugar del accidente y continúo la marcha hasta que fue detenido y arrestado por un policía municipal frente al restaurante Burger King.
10. En el momento de los hechos la carretera estaba seca, no tenía desperfectos ni se encontraba obstruida. El lugar estaba oscuro.
11. La avenida Isla Verde está en el Municipio de Carolina.

[4] En cuanto al apelante, se identificaron las siguientes piezas: una certificación del Municipio fechada el 21 de marzo de 2013; el *curriculum vitae* del Ing. Luis Soto Vega y su Informe Pericial; véase, Apéndice, págs. 123-126; 127-187.
[5] Apéndice, págs. 30-122.

demuestra que el Municipio tenía el control, mantenimiento y jurisdicción del alumbrado de la avenida Isla Verde, lo cual está atado al señalamiento de error A.

En su petición desestimatoria, los apelados enfatizaron que el apelante sólo incluyó la *Demanda* incoada por la señora De Pablo Vázquez (FDP20080286),[6] y omitió incluir la reclamación del señor Martínez Fínale (FDP20120114). Aseveraron que las alegaciones de ambas reclamaciones están atadas al error E, toda vez que existen múltiples demandantes y causas de acción.

Los apelados indicaron también que el recurso adolece del *Informe de conferencia con antelación al juicio*, lo cual es esencial ya que, según expresaron, demuestra que el Municipio está planteando por primera vez controversias que no estuvieron ante la consideración del TPI. Asimismo, señalaron la importancia sobre ciertos documentos interlocutorios que establecieron que la Corporación del Fondo del Seguro de Estado se encargó de la atención médica del señor Martínez Fínale y que esos gastos fueron pagados por una consignación realizada por MAPFRE Praico Insurance Company. Apuntaron que lo anterior está relacionado con el señalamiento de error F. Además, aludieron a la exclusión de resoluciones y sentencias parciales relevantes, así como las minutas del juicio, las cuales enumeraron la prueba admitida y vinculada con los señalamientos de error. En fin, los apelados acotaron que la exclusión de documentos y gran parte de la evidencia en el apéndice incidía sobre nuestra autoridad revisora y nos privaba de jurisdicción.

Al día siguiente, el 5 de marzo de 2024, el Municipio presentó *Moción bajo la Regla 76 del Tribunal de Apelaciones*. Sin refutar las alegaciones antes mencionadas, indicó que transcribiría los

---

[6] Apéndice, págs. 3-12; 17-29.

testimonios de Víctor Torres, identificado como Director de Obras Públicas de Carolina; Juan Ortega Álamo, investigador de MAPFRE Praico Insurance Company; los peritos ingenieros Luis Soto Vega y Fermín Sagardía; así como las declaraciones de los apelados Rolando Martínez Fínale, Lauren De Pablo Vázquez, Pedro Martínez Torres, Javier Olivero Mercado y Olga Martínez Fínale.

En esa misma fecha, los apelados ripostaron la moción del Municipio. Adujeron que era importante transcribir el testimonio del también demandado Luis Acosta Ortega, ya que el Municipio, mediante el señalamiento de error A, pretendía imputarle un porcentaje mayor de negligencia. Aclararon también que el testigo nombrado como Víctor Torres, debía referirse a Víctor Rodríguez Mangual, quien para el 2011, fungía como Director del Departamento de Obras Pública y Ornato del Municipio de Carolina. Para ello, los apelados unieron un fragmento de la *Contestación al tercer pliego de interrogatorio y producción de documentos* cursado al Municipio.[7]

En atención a los escritos judiciales interlocutorios descritos, el 12 de marzo de 2024, emitimos una *Resolución* en la que ordenamos al Municipio, en un término de cinco días, a cumplir con la Regla 16 de nuestro Reglamento, *infra.*

En respuesta, mediante la *Moción en cumplimiento de Orden*, el apelante se limitó a reproducir nuevamente las primeras 29 páginas del apéndice del recurso que nos ocupa. A saber, el Informe de Accidente de Tránsito de la Policía de Puerto Rico;[8] la *Demanda*

---

[7] La respuesta del testigo fue la siguiente:
Según la Certificación emitida por el señor Víctor Rodríguez Mangual el 15 de agosto de 2008, la Avenida Isla Verde (PR 37) en Carolina, con excepción de las aceras, están bajo el control y mantenimiento del Departamento de Transportación y Obras Públicas del Gobierno Central. En cuanto a los postes del alumbrado el que contesta no tiene certeza de la fecha en que se instalaron. No obstante, los postes del alumbrado de la referida avenida están bajo el control y mantenimiento del Gobierno Municipal Autónomo de Carolina.

[8] Apéndice, págs. 1-3.

del caso FDP20080286;[9] la *Contestación a Demanda* del Municipio a la referida reclamación;[10] y la *Quinta Demanda* del caso FDP20080286.[11]

Así las cosas, los apelados interpusieron la *Segunda moción de desestimación por falta de jurisdicción conforme la Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones*. Plantearon que el Municipio incumplió con nuestra *Orden* e insistieron en que esta curia adolecía de jurisdicción para atender el recurso sin perfeccionar.

**II.**

El Tribunal Supremo de Puerto Rico ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente. En consecuencia, **una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso**

---

[9] Apéndice, págs. 3[B]-12.
[10] Apéndice, págs. 13-16.
[11] Apéndice, págs. 17-29.

**apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos**. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra*, págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). En armonía, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, faculta a este foro intermedio para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación cuando carecemos de jurisdicción.

Como se sabe, las partes promoventes deben observar rigurosamente las normas que rigen el perfeccionamiento de los recursos apelativos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). **El incumplimiento de las reglas de los tribunales apelativos impide la revisión judicial**. S*oto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). "Los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker, supra*, que cita a *Arriaga v. F.S.E.*, 145 DPR 122 (1998); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). Ello es así, puesto que el propósito de la reglamentación es facilitar el proceso de revisión apelativa, al colocar al tribunal en posición de decidir correctamente las cuestiones planteadas, mediante el examen de un expediente completo. *Soto Pino v. Uno Radio Group, supra*. Así, pues, **cuando nos aseguramos que el incumplimiento del ordenamiento reglamentario ha provocado un impedimento real para considerar la controversia en los méritos, la inobservancia de las reglas puede conllevar la**

**sanción más severa; esto es, la desestimación**. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

Por otra parte, con relación a los requisitos necesarios para el perfeccionamiento de un recurso de apelación en casos civiles, además de las disposiciones prescritas en la Regla 74,[12] el inciso (E) de la Regla 16 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 16 (E), establece lo siguiente:

> *Regla 16 – Contenido del escrito de apelación en casos civiles*
>
> .     .     .     .     .     .     .     .     .
>
> (E)  Apéndice
>
>> (1)  El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:
>>
>>> (a)  las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
>>>
>>> (b)  [...]
>>>
>>> (c)  [...]
>>>
>>> (d)  toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;
>>>
>>> (e)  cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.
>>
>> (2)  [...]
>>
>>> La omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.

---

[12] 4 LPRA Ap. XXII-B, R. 74.

(3)   [...]

"[E]l Reglamento visualiza el apéndice como la recopilación documental (copia literal), de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, esto es copia sustitutiva de los autos originales". *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586, 588 (2000). La máxima curia ha opinado que "**[u]n recurso que carece de un apéndice, con los documentos necesarios para poner al tribunal en posición de resolver, impide su consideración en los méritos**". (Énfasis nuestro). *Román et als. v. Román et als., supra*, pág. 167, que cita a *Maldonado v. Pichardo*, 104 DPR 778, 783 (1976); *Cruz Castro v. Ortiz Montalvo*, 154 DPR 47 (2001); *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 DPR 428 (1984). Con relación a los apéndices incompletos, el Tribunal Supremo ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a **desestimar recursos por tener apéndices incompletos cuando esa omisión no nos permite penetrar en la controversia** o constatar nuestra jurisdicción". (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007), que cita a *Córdova v. Larín*, 151 DPR 192, 197 (2000).

En suma, si bien la parte promovente de un recurso apelativo ante este foro tiene el derecho estatutario a la revisión del dictamen impugnado, a su vez, está obligada a perfeccionarlo. Únicamente mediante la observancia rigurosa de las normas del Reglamento del Tribunal de Apelaciones, que incluye anejar los documentos esenciales al apéndice, nos encontremos en posición de revisar al tribunal *a quo*. Véase, *Hernández Jiménez et al. v. A.E.E et al.*, 194 DPR 378, 382-383 (2015); *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014); *Morán v. Marti*, 165 DPR 356, 367 (2005).

**III.**

El Municipio de Carolina nos solicita que revisemos una *Sentencia*, mediante la cual se dispuso de dos casos civiles que se remontan a los años 2008 y 2012, respectivamente. No obstante, omitió la inclusión de las reclamaciones de uno de los litigios, a saber, la *Demanda* del caso FDP20120114, en contravención a la Regla 16 (E) (1) (a), *supra*. Nótese que la concurrencia de múltiples reclamantes y causas de acción está vinculada con el error E. Conforme las alegaciones de los apelados, el apéndice adolece también de resoluciones y escritos judiciales en los que se discutieron y estipularon asuntos esenciales que ahora se pretenden apelar. Ello, en alusión a la alegación del error A, que versa sobre el control y jurisdicción del Municipio sobre el alumbrado ornamental en la avenida Isla Verde y del error F, que trata sobre una deducción que el Municipio reclama. Por igual, es evidente que el apelante no anejó la totalidad de la prueba documental admitida en el juicio, según se desprende de la *Minuta* de 26 de enero de 2022. En cuanto a la prueba testifical, el apelante tampoco anunció la transcripción del testimonio de Luis Acosta Ortega, aun cuando le imputa un mayor porcentaje de negligencia en el error B. Lo anterior denota una crasa inobservancia de la Regla 16 (E) (d) (e), *supra*.

A pesar de proveer un término expedito para que el apelante diera cumplimiento a la Regla 16 de nuestro Reglamento, *supra*, el Municipio no perfeccionó el recurso apelativo, sino que repitió las primeras 29 páginas de su apéndice. Con ello, no sólo hizo abstracción de nuestro mandato, sino también de los planteamientos de la parte apelada. Es decir, el Municipio no presentó oposición ni controvirtió las serias deficiencias del recurso, según señaladas por los apelados.

Nuestro Reglamento dispone que los recursos deben incluir un apéndice que contenga las alegaciones de las partes, las

resoluciones, órdenes, mociones o escritos de los contendientes, que formen parte del expediente original en el TPI, y cualquier otro documento que pueda ser útil para resolver las controversias ante nos. En este caso, sin embargo, el apelante no nos ha colocado en posición de revisar el dictamen impugnado.

Según esbozamos, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse con rigurosidad, por lo que el incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar su desestimación. Si bien nuestro sistema de justicia confiere un derecho estatutario a la revisión, la apelación no es automática, ya que presupone una notificación, un diligenciamiento y su perfeccionamiento. En la causa de autos, el apelante falló en su obligación de perfeccionar el recurso instado, conforme lo exige la ley y nuestra reglamentación. Al así obrar, estamos ante un impedimento real de justipreciar en sus méritos la *Sentencia* dictada en su contra. Al no perfeccionar el recurso apelativo en el término concedido para ello, no adquirimos jurisdicción para atender el recurso presentado.

Consecuentemente, procedemos a desestimar la *Apelación* del título, de conformidad con la Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (1). Por virtud de la aludida norma, una parte puede solicitar en cualquier momento la desestimación de un recurso cuando este Tribunal carece de jurisdicción.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso apelativo por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones